# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | FILE NO. |
| Plaintiff, | 3:08CV00607WJH |
| v. | |
| WILLIAM TRAYLOR, | |
| Defendant. | |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to her authority under §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendant WILLIAM TRAYLOR ("Traylor"). Defendant and the Secretary have agreed to resolve all matters in controversy in this action, and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

A. The Secretary's Complaint alleges that Defendant breached his fiduciary duties with respect to the Homeland Entertainment Group SIMPLE IRA PLAN (the "Plan").

B. Defendant hereby admits to the jurisdiction of the Court over him

1

and over the subject matter of this action. Defendant admits that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order. Defendant neither admits nor denies the allegations in the Complaint.

C. Defendant expressly waives any and all claims of whatsoever nature that he has or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

D. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendant. This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendant.

E. The Secretary and Defendant expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendant, his agents, servants, employees and all persons in active

concert or participation with them be and hereby are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

    3.    Defendant shall make restitution to the Plan's participants or their beneficiaries, if appropriate (hereafter the "Plan Participants," which phrase shall include former participants) of the total sum of $20,091.57 in the matter set forth herein and to the participants and in the amounts set forth in Exhibit A. In the event that Defendants fails to make restitution to each participant and beneficiary in the amount ordered, post judgment interest shall be assessed against any remaining unpaid balance of such amounts, in accordance with 28 U.S.C. § 1961, from the date hereof, until paid in full. Defendant shall:

    a.    Within 30 days of the Consent Judgment and Order either (1) make restitution to the Plan participants listed in Exhibit A (attached) in the amounts shown due and owing to each Plan participant, together with any post-judgment interest, by paying that amount to the SIMPLE IRA account which was established by each of those Plan Participants to receive contributions made on their behalf under the Plain, if such account still exists; (2) pay the said amount direct to the appropriate Plan Participant; or (3) obtain a signed and notarized written acknowledgment and agreement from each Plan Participant who voluntarily and knowingly agrees that he/she is owed nothing and/or has already received payment for the amounts owed set forth in Exhibit A.

    b.    Provide the Secretary written accountings of the amount paid to each participant and beneficiary as specified above. All accountings provided to

3

Case 3:08-cv-00607    Document 6    Filed 04/22/2009    Page 5 of 7
Case 3:08-cv-00607   Document 7   Filed 04/28/09   Page 3 of 6 PageID #: 26

the Secretary shall include the payees' names, addresses, social security numbers, and the total amount paid. Defendant shall provide an accounting no later than five (5) days after making restitution to the participants and beneficiaries. Defendants shall also provide written accountings to the Secretary whenever requested by the Secretary. The accountings shall be delivered to the Regional Director, Employee Benefits Security Administration, 61 Forsyth St., SW, Room 7B54, Atlanta, Georgia 30303, and shall include, when available, copies of cancelled checks evidencing such payments.

  c. Provide the Secretary copies of all agreements and acknowledgments obtained pursuant to item 3(a)(3) above.

  4. Once the corrective actions required in this Consent Judgment and Order are complied with, the Secretary is required to assess a civil penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). The penalty under § 502(l) is equal to 20 percent of the "applicable recovery amount" as that term is defined by ERISA. The parties agree that the "applicable recovery amount" is the amount specified in paragraph 4 along with applicable post-judgment interest, if any. Once the Department delivers a written assessment of the civil money penalty to the Defendant, Defendant shall pay to the Department of Labor the civil money penalty assessed pursuant to ERISA § 502(l)(2), 29 U.S.C. § 1132(l)(2), in the time and manner prescribed by 29 C.F.R. § 2570.84, subject to any waiver or reduction of such penalty that Defendant may seek and obtain pursuant to 29 C.F.R. § 2570.85).

  5. In the event that Defendant fails to promptly distribute all of the Plan's cash assets to the participants and beneficiaries, the Plaintiff, on motion to the

4

Case 3:08-cv-00607   Document 6   Filed 04/22/2009   Page 4 of 7
Case 3:08-cv-00607   Document 7   Filed 04/28/09   Page 4 of 6 PageID #: 27

Court, may seek the appointment of an administrator to receive payments of the amounts Defendant is to restore to the Plan's participants and beneficiaries pursuant to paragraph 3.

6. This Consent Judgment resolves all claims of Plaintiff's Complaint with the following exceptions:

   a. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

   b. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

7. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney=s fees which may be available under the Equal Access to Justice Act, as amended.

This __17__ day of April, 2009.



5

Case 3:08-cv-00607   Document 6   Filed 04/22/2009   Page 5 of 7
Case 3:08-cv-00607   Document 7   Filed 04/28/09   Page 5 of 6 PageID #: 28

*[signature]*
UNITED STATES DISTRICT JUDGE
4-23-09

Defendant consents to entry
of the foregoing Judgment:

WILLIAM TRAYLOR
By: *[signature]*
WILLIAM TRAYLOR

Plaintiff moves entry of
the foregoing Judgment:

CAROL A. DE DEO
Deputy Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

By: *[signature]*
ROBERT M. LEWIS, JR.
Counsel for ERISA

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303
(404) 302-5435
(404) 302-5438 (FAX)
Attorneys for Plaintiff

6

Case 3:08-cv-00607   Document 6   Filed 04/22/2009   Page 6 of 7
Case 3:08-cv-00607   Document 7   Filed 04/28/09   Page 6 of 6 PageID #: 29